DOLLE v. RHINEHART *et al.*

*(Supreme Court, General Term, Second Department. December 10, 1889.)*

SALE—RECOVERY OF GOODS—TENDER OF PRICE.

　　The rule that one seeking to recover goods from a fraudulent purchaser must return or tender the money paid therefor is not applicable to an action for the recovery of the goods from a third person, who is not a *bona fide* purchaser for value.

Appeal from circuit court, Kings county.

Action by Frederick Dolle against Charles D. Rhinehart, sheriff, and Patrick Monaghan, to recover personal property seized under execution. Trial by jury, and verdict for plaintiff, and from the judgment entered thereon defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hobbs & Gifford*, for appellants. *Abram Kling*, for respondent.

DYKMAN, J. This is an action for the claim and delivery of personal property, and it is based upon the fraudulent representations of the vendee which induced the sale. The purchaser was Patrick Monaghan, and the action is against him and the sheriff of Kings county, who seized the property by vir-

tue of executions issued against the property of Monaghan, and held the same in his possession at the time of the commencement of this action. The evidence upon the trial was sufficient to require the submission of the questions of fact involved to the jury, and no error was committed in refusing to dismiss the case at the close of the testimony on the part of the plaintiff. In his charge to the jury the trial judge said: "You must be satisfied on this proof that Monaghan went to these parties—Dolle and this Indiana company —with the intent to deprive them of their property, intending never to pay for it, and that he made certain false statements to them which he knew to be false, which were material, and which induced them to trust him, and that upon the faith of these statements they parted with their property. If you find that to be the fact, then no title passed, and in that case Dolle had either of two remedies: If he found that there was fraud, (if there was,) he could affirm the sale if he chose, and sue for the value of the property; or he could disaffirm the sale, repudiate it, and sue for the return of the goods by replevin." The jury must have found that the evidence brought the case up to this severe standard, for a verdict was rendered in favor of the plaintiff.

It appeared upon the trial that $250 had been paid on account of the goods sold by the Indiana company which had not been returned or tendered, and it was claimed on the trial, and it is claimed here, that no recovery can be had of those goods for that reason. The general rule of law would require such tender or return if the property had remained in the possession of the fraudulent purchaser but the rule is not the same where, as in this case, the property has passed into the possession of a third person other than a *bona fide* purchaser for value. *Pearse* v. *Pettis*, 47 Barb. 276; *Kinney* v. *Kiernan*, 49 N. Y. 164. With the facts relied upon by the plaintiff determined in his favor upon evidence sufficient to sustain the verdict, this appeal is destitute of merit, and presents no error. The judgment and order denying a motion for a new trial should be affirmed, with costs.